## Progress Grange #96 v. Centre County Board of Assessment Appeals

*LeDon Young,* for appellant.
*Louis T. Glantz,* for appellee.

GRINE, *J.,* December 12, 2007—Presently before the court is an appeal of a Centre County tax assessment brought by Progress Grange #96. Appellant requested that Centre County exempt from real estate taxation Progress Grange for tax parcel 34-003-027 (Grange Hall). Centre County Board of Assessment Appeals claims that appellant does not meet the standard for a tax-exempt organization. The parties agreed that this matter would be submitted to the court on a case-stated

basis. The parties were ordered to file briefs within 60 days of the August 10, 2007 conference. Both parties did so in a timely manner. This matter is ready for decision. The court grants the appeal, and reverses the decision of the Board of Assessment and finds that Progress Grange #96 qualifies for exemption from real estate taxes.

## CONCLUSIONS OF LAW

(1) An entity qualifies as a "purely public charity," entitled to tax-exempt status, if it "(a) advances a charitable purpose; (b) donates or renders gratuitously a substantial portion of its services; (c) benefits a substantial and indefinite class of persons who are legitimate subjects of charity; (d) relieves government of some of its burden; and (e) operates entirely free from private-profit motive." *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 21-22, 487 A.2d 1306, 1317 (1985).

(2) 10 P.S. §375(c) "Private profit motive.—The institution must operate entirely free from private profit motive. Notwithstanding whether the institution's revenues exceed its expenses, this criterion is satisfied if the institution meets all of the following: . . . (2) The institution applies or reserves all revenue, including contributions, in excess of expenses in furtherance of its charitable purpose or to funding of other institutions which meet the provisions of this subsection and subsection (b)."

(3) 10 P.S. §375(e)(5)—"An institution shall not be considered to benefit a substantial and indefinite class of persons who are legitimate subjects of charity if (i) the institution is not qualified under section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. §502(c)(3)

*and* (ii) The institution is qualified under [the Internal Revenue Code] as any one of the following . . . (c) an agricultural or horticultural organization." (emphasis added)

## OPINION

An entity qualifies as a "purely public charity," entitled to tax-exempt status, if it "(a) advances a charitable purpose; (b) donates or renders gratuitously a substantial portion of its services; (c) benefits a substantial and indefinite class of persons who are legitimate subjects of charity; (d) relieves government of some of its burden; and (e) operates entirely free from private-profit motive." *Hospital Utilization Project v. Commonwealth,* 501 Pa. 1, 21-22, 487 A.2d 1306, 1317 (1985) (HUP). An organization is required to meet all of the requirements of this test in order to be considered a purely public charity. Appellant meets every part of this test, and thus should be determined to be a purely public charity.

Appellant advances a charitable purpose by providing the use of its hall for several charitable and community organizations and by raising money to donate to several charitable organizations. Additionally, appellant donates its services to organizations, such as the boy scouts, allowing them to use the Grange Hall rent free. Appellant donates money to the Red Cross and other organizations who are both legitimate recipients of charity as well as charities who relieve the government of some of its burdens. Finally, appellant operates free from any private-profit motive. None of the officers are compensated for their work, and the upkeep of the Grange Hall itself is done on a volunteer basis. All the money that the Grange

Hall raises that is not used for charitable purposes goes towards the upkeep of the property.

Appellee also claims that appellant has a private-profit motive. However, the court is unclear what basis is used to make this allegation. Even the statute which the appellee attached to its brief stated the following: "Private profit motive.—The institution must operate entirely free from private profit motive. Notwithstanding whether the institution's revenues exceed its expenses, this criterion is satisfied if the institution meets all of the following: . . . (2) The institution applies or reserves all revenue, including contributions, in excess of expenses in furtherance of its charitable purpose or to funding of other institutions which meet the provisions of this subsection and subsection (b)." 10 P.S. §375(c).

Appellant has shown that all of the monies taken in are either used for the upkeep of the building, used to buy things which are donated to a charity, or donated to a charity. If the appellee believes that the use of this money for building upkeep translates into a private-profit motive, it should be noted that since the building itself is in essence donated to the organizations which are allowed to use it, then the monies used for building upkeep are essentially donated to those organizations. Therefore this court can find no basis for the appellee's argument that appellant is operating with some sort of private-profit motive.

While the appellee is correct in stating that appellant is not a 501(c)(3) charity, it is obvious that appellant is a purely public charity under the HUP test. Appellee argues that since appellant is not a 501(c)(3) charity it must meet an additional burden. According to 10 P.S.

§375(e)(5) "An institution shall not be considered to benefit a substantial and indefinite class of persons who are legitimate subjects of charity if (i) the institution is not qualified under section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. §502(c)(3) *and* (ii) The institution is qualified under [the Internal Revenue Code] as any one of the following . . . (c) an agricultural or horticultural organization." (emphasis added) The appellee argues that, as an agricultural or horticultural organization, appellant is not eligible for tax exemption. However, appellant has shown that although they do advance agricultural ideals, they are essentially a charitable organization. Therefore this court finds that Progress Grange #96 is eligible for tax-exempt status, and shall be granted tax-exempt status.

## ORDER

And now, December 12, 2007, after a hearing on the matter and a review of the parties' briefs, Progress Grange #96's appeal from the decision of the Centre County Board of Assessment is granted. The court finds that Progress Grange #96 is a purely public charity, and as such is tax exempt.